## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

## MOTION INFORMATION STATEMENT

**Docket Number(s):** _____19-3981_____           _____U.S. v. AYTES_____

**Motion For:**  Dismissal of Appeal.
_____

_____

**Set forth below precise, complete statement of relief sought:**

 After consultation with the Office of the Solicitor General,

 and in light of the government's recent confession of error

 in United States v. Blaszczak, 18-2811(L) (2d Cir.), the

 government moves for dismissal of this appeal.

_____

_____

**MOVING PARTY:**            **APPELLANT**              **OPPOSING PARTY:**            **APPELLEE**

☐ Plaintiff            ☐ Defendant

☒ Appellant/Petitioner            ☐ Appellee/Respondent

**MOVING PARTY:**        David C. James, AUSA            **OPPOSING PARTY:**        Colleen P. Cassidy, Esq.

U.S. Attorney's Office                                    52 Duane Street, 10th Floor

271-A Cadman Plaza East Brooklyn, N.Y. 11201            New York, N.Y.  10007

(718) 254-6282; David.James@usdoj.gov            (212) 417-8700; Colleen_Cassidy@fd.org

Court-Judge/Agency appealed from:   The Honorable Sterling Johnson Jr., U.S.D.J., E.D.N.Y.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes      ☐ No  (explain): _____

_____

Opposing counsel's position on motion:
☒ Unopposed      ☐ Opposed      ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes      ☒ No      ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?      ☐ Yes    ☐ No
Has this relief been previously sought in this court?    ☐ Yes    ☐ No

Requested return date and explanation  of emergency:

_____

_____

_____

Is oral argument on motion  requested?    ☐ Yes  ☒ No (requests for oral argument will  not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes  ☒ No  If yes, enter date: _____

**Signature  of Moving Attorney:**

_____/s/_____        **Date:**  4/12/2021      Service by: ☒ CM/ECF      ☐ Other [Attach proof of service]

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

```
- - - - - - - - - - - - - - - - - - - - - - - - -    X
```

|  | DECLARATION IN SUPPORT OF MOTION TO DISMISS THE APPEAL |
| --- | --- |

USA v. AYTES

Docket No.  19-3981

```
- - - - - - - - - - - - - - - - - - - - - - - - -    X
```

DAVID C. JAMES declares, pursuant to 28 U.S.C. § 1746:

1.     I am an Assistant U.S. Attorney in the Eastern District of New York.  The United States is the appellant in this matter.  I submit this declaration in support of the government's motion to dismiss the appeal.

2.     The defendant-appellee Allison Aytes, a former employee of the Federal Deposit Insurance Corporation ("FDIC"), was charged in the United States District Court for the Eastern District of New York with two counts of theft of government property having an aggregate value exceeding $1,000, in violation of 18 U.S.C. § 641.[1]  The

---

[1]     Aytes was also charged with making a false statement to federal agents in violation 18 U.S.C. § 1001.  That count was dismissed before trial without prejudice to filing it in the Southern District of New York.

charges against Aytes arose from her unauthorized taking from the FDIC of paper and electronic copies of "Resolution Plans" for four large banks regulated by the FDIC. These Resolution Plans, commonly called "Living Wills," detailed how the banks would conduct a rapid and orderly liquidation under the Bankruptcy Code and the Dodd-Frank law in the event of a severe financial crisis.

3.     Aytes was found guilty on both counts by a jury after trial. However, the district court granted her motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). The court ruled that the government had introduced insufficient evidence that the Living Wills had an aggregate value of more than $1,000 or that Aytes's taking of copies of the Living Wills seriously interfered with the FDIC's property rights in the documents.

4.     With the approval of the Solicitor General, the United States appealed the district court's order to this Court. The case was fully briefed and was argued on October 9, 2020.

5.     The government's argument on appeal relied upon, inter alia, this Court's decision in <u>United States v. Blaszczak</u>, 947 F.3d 19 (2d Cir. 2019). <u>Blaszczak</u>, like this case, involved a prosecution for the theft

of confidential government information, specifically, pre-decisional information from the Centers for Medicare and Medicaid Services regarding upcoming changes to agency rules governing reimbursement rates, which information was used by the defendants and their co-conspirators in trading securities.  This Court affirmed the defendants' convictions on various charges, including wire fraud, in violation of 18 U.S.C. § 1343; securities fraud, in violation of 18 U.S.C. § 1348; and conversion of government property, in violation of Section 641.  The Court ruled that confidential government information qualifies as "property" for purposes of the property fraud statutes and as a "thing of value" for purposes of Section 641.

6.     Aytes argued for affirmance of the district court's order on, inter alia, the ground that confidential information in the Living Wills that she took from the FDIC did not qualify as a "thing of value" for purposes of Section 641 under the reasoning the Supreme Court's recent decision <u>Kelly v. United States</u>, 140 S. Ct. 1565 (2d Cir. 2020).  In <u>Kelly</u>, the Court held that a "scheme to reallocate the [George Washington] Bridge's access lanes" did not constitute property fraud under 18 U.S.C. §§ 1343 and 666(a)(1)(A).  <u>Id.</u> at 1574.  Relying on <u>Cleveland v. United</u>

States, 531 U.S. 12 (2000), the Court concluded that the object of the fraud—the "lane realignment" by the Port Authority—was an "exercise of regulatory power" rather than "the taking of property." 140 S. Ct. at 1572-73. The Court also held that, while "[a] government's right to its employees' time and labor . . . can undergird a property fraud prosecution" because "the cost of those employees' services would qualify as an economic loss to" the government, that property "must be an object of the fraud" rather than merely "an incidental byproduct of the scheme." Id. at 1573.

7. While this appeal was being litigated before this Court, the defendants in Blaszczak petitioned the Supreme Court for a writ of certiorari. On January 11, 2021, on the motion of the Acting Solicitor General, the Supreme Court granted the petitions for certiorari, vacated this Court's judgment, and remanded the case to this Court for further consideration in light of Kelly. See Olan v. United States, 141 S. Ct. 1040 (2021); Blaszczak v. United States, 141 S. Ct. 1040 (2021).

8. On remand in Blaszczak, this Court ordered supplemental briefing. The government filed its supplemental brief on April 2, 2021. See United States v. Blaszczak, No. 18-2811(L), Dkt. Ent.

453 (2d Cir.).[2]  The government conceded that, in light of <u>Kelly</u>, the defendants' convictions for wire fraud, securities fraud and conversion of government property should be reversed.  The government noted that "[t]he brief was prepared in consultation with the Office of the Solicitor General to reflect the Department of Justice's post-<u>Kelly</u> position on the scope of 'property' under 18 U.S.C. §§ 1343 and 1348 and a 'thing of value' under 18 U.S.C. § 641, which this Office is constrained to follow."  <u>Id.</u> at 2.

9.     Our office is also constrained to follow the positions taken by the Solicitor General.  We have conferred with the Office of the Solicitor General concerning how the Department of Justice's post-<u>Kelly</u> position on the interpretation of the term "thing of value" under Section 641 affects the government's arguments in this case.  The Office of the Solicitor General has determined that the information in the Living Wills in this case is not sufficiently distinguishable from the confidential information at issue in <u>Blaszczak</u> to justify our continuing to pursue this appeal after the confession of error in <u>Blaszczak</u>.  Thus, we are moving to

---

[2]     The government's brief on remand is attached as an exhibit to Aytes's letter of April 9, 2021, submitted pursuant to Fed. R. App. P. 28(j).

dismiss the appeal.

10.    Colleen P. Cassidy, Esq., of the Federal Defenders of New York, counsel for the defendant-appellee, consents to the relief sought by this motion.

11.    For the reasons stated, the government's motion should be granted.

I declare under penalty of perjury that the foregoing is true and correct.

_____/s/_____
DAVID C. JAMES
Assistant U.S. Attorney

Executed on April 12, 2021
Brooklyn, New York